IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRISHA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00-4169-JPO |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This case is before the court on the motion of plaintiff, Patrisha Moore, for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (**doc. 30**). The instant motion has been fully briefed. *See* docs. 31, 32, and 33. For the reasons set forth below, plaintiff's motion for attorney's fees is granted in part and denied in part.

I.  Background.

On October 18, 1994, plaintiff filed an application for supplemental security income ("SSI") benefits. On December 16, 1994, she filed an application for disability insurance benefits ("DIB"). She initially alleged that she became disabled on July 12, 1994, however, she later amended her date of onset to November 30, 1994. Plaintiff's applications were denied initially and on reconsideration.

An administrative hearing was held on November 4, 1996. On December 5, 1996, the administrative law judge ("ALJ") rendered a written decision unfavorable to plaintiff. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on March 23, 1998.[1]

On May 18, 1998, plaintiff filed a complaint with this court seeking reversal of the ALJ's decision. On March 18, 1999, upon the request of the Commissioner, the court remanded the case for additional proceedings to address plaintiff's alleged mental impairment and to complete a psychological review technique form ("PRTF") in accordance with 20 C.F.R. § 404.1520a(d).

On March 23, 2000, in response to the court's remand, the Appeals Council vacated its prior refusal to review. The Appeals Council remanded plaintiff's case for further proceeding consistent with the order of the court.

A supplemental hearing was held on June 12, 2000. The ALJ rendered a written decision on July 24, 2000, finding that plaintiff was not disabled from November 30, 1994 through March 23, 1998. This court affirmed the Commissioner's decision on August 18, 2003.[2] Plaintiff appealed the order, and on November 19, 2004, the Tenth Circuit Court of

---

[1] On April 13, 1998, prior to filing her complaint in this court, plaintiff applied for SSI and, on April 30, 1998, applied for DIB alleging disability beginning March 24, 1998. Her applications were denied initially and on reconsideration. Plaintiff then requested a hearing. On February 23, 1999, without an administrative hearing, plaintiff was found disabled beginning March 24, 1998.

[2] Doc. 17.

Appeals reversed and remanded this matter for further proceedings consistent with its order and judgment.[3] Plaintiff has now filed the instant motion seeking attorney's fees and expenses under the EAJA.

## II. Discussion.

Under the EAJA, a court is permitted to award to a "prevailing party . . .fees and other expenses . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[4] It is undisputed that plaintiff is the prevailing party within the meaning of the EAJA based on the Tenth Circuit's reversal and remand of this case for further administrative proceedings. Defendant, however, argues that fees should not be awarded as the Commissioner's position in defending the ALJ's decision was substantially justified. Defendant also requests that, if the court finds to the contrary, the court examine plaintiff's fee request and deny compensation for all hours claimed which were not reasonable.

## III. The Commissioner's Position Is Not Substantially Justified.

When a social security plaintiff prevails, the Commission bears the burden to show that her position was substantially justified.[5] To support the argument that the Commissioner's position was substantially justified, defendant essentially relies on the

---

[3] Doc. 25; *Moore v. Barnhart*, No. 03-3253, 2004 WL 2634571 (10th Cir. Nov. 19, 2004).

[4] *See* 28 U.S.C. § 2412(d)(1)(A).

[5] *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

various findings of this court in the August 18, 2003 order[6] affirming the finding of the ALJ. However, this court finds such argument inadequate to meet the required burden, i.e., the Tenth Circuit has held that the mere fact that a district court has affirmed an ALJ's decision does not automatically mean that the government's position was reasonable and, therefore, substantially justified.[7] Rather, the test for substantial justification in this circuit, which this court must apply, is one of "reasonableness in law and fact."[8]

The Tenth Circuit first affirmed this court's ruling that the ALJ's finding that plaintiff did not have a disabling mental impairment during the period prior to March 24, 1998, is supported by substantial evidence. However, as to plaintiff's remaining arguments, the Tenth Circuit discussed, in great detail, the factual and legal bases for each of its findings, which were contrary to this court's findings. The Tenth Circuit concluded that, because the ALJ did not accurately perceive the nature of plaintiff's fibromyalgia, the ALJ erroneously failed to properly consider both the treating physician's opinions and plaintiff's statements regarding her symptoms. Thus, the court held the ALJ's determination that plaintiff was not disabled between her alleged onset date of November 30, 1994, and the March 24, 1998, is not supported by substantial evidence. The Tenth Circuit reversed the judgment of this court

---

[6] Doc. 17.

[7] *Weakley v. Bowen*, 803 F.2d 575, 578 (10th Cir. 1986).

[8] *Gilbert*, 45 F.3d at 1394 (10th Cir. 1995) (citing *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992), *cert. denied sub nom. Shalala v. Gutierrez*, 509 U.S. 933 (1993) (quotation omitted)).

and directed that the case be remanded for further proceedings. In light of the Tenth Circuit's finding, and after further review of the underlying briefing in this case, this court finds that the Commissioner's position in this case was not substantially justified. Accordingly, the court finds plaintiff is entitled to a fee award under the EAJA.

### IV.   The Attorney's Fees Request Is Not Reasonable.

Having determined that the position of the Commissioner is not substantially justified, the remaining question is whether the requested fee amount is reasonable. Plaintiff seeks an award of $10,143.75 in attorney's fees based on 81.15 hours of work (51.55 hours at the district court level, and 29.60 hours at the appellate level) at an hourly fee rate of $125.00. Defendant has no opposition to the hourly rate amount, but claims the number of hours billed by the plaintiff's counsel is excessive, as the issues in this case were neither novel nor complex. Defendant argues that some of the time billed as attorney hours were to complete tasks which were "secretarial duties." Defendant also argues that the number of hours billed for the appellate level work is excessive since some of the work was preparing the statement of facts which defendant notes is nearly identical to the facts presented in the district court brief.

In reply, plaintiff initially claims that, although her attorney submitted his fee statement specifying an hourly rate of $125.00, her counsel could have increased the hourly rate each year based on allowable cost of living adjustments, i.e., $138.00 per hour for work performed in 2000; $142.00 per hour for work performed in 2001; $144.00 per hour for work

performed in 2002; $148.00 per hour for work performed in 2003; and $149.00 per hour for work performed in 2004. However, without further elaboration or argument by plaintiff on this point, the court presumes that plaintiff is indirectly arguing that, if the number of hours is found to be unreasonable, the total fee amount should remain the same after factoring in cost-of-living adjustments. Whatever the intent of plaintiff may have been with regard to this argument, the court will determine the total fee amount utilizing the $125.00 hourly rate as requested by plaintiff's counsel, and which the court finds to be a reasonable rate.

The burden is on the fee applicant to document that the hours were reasonably and appropriately expended on the litigation.[9] Plaintiff, in her reply, acknowledges that the courts in this jurisdiction have held that 30 to 40 hours are proper for typical social security cases.[10] Plaintiff argues, however, that excluding the appellate hours, the district court hours are only 43.70, a mere 3.70 hours above what has been deemed within the range in a "typical" case. In addition, plaintiff argues that this case is not typical. Plaintiff first notes that the administrative record is over 700 pages long, which includes two hearings. Plaintiff claims that, as a result, briefing in this case was more lengthy to accommodate both the medical records and the hearings' testimony. Plaintiff also refutes defendant's arguments that some of the time claimed as attorney hours is more akin to what is traditionally secretarial time,

---

[9] *Culler v. Massanari*, No. 96-4164, 2001 WL 1718033, at *2 (D. Kan. Dec. 20, 2001) (citing *Sandoval v. Apfel*, 86 F.Supp.2d 601, 615-16 (N.D. Tex. 2000)).

[10] *Hutchison v. Chater*, No. 95-4084, 1996 WL 699695, at *3 (D. Kan. Oct. 31, 1996).

and that the some of the hours claimed for appellate court level work were largely completed at the district court level.

After review of the detailed attorney's fees request, and given the rather protracted procedural history of this case at the district court level, the court finds the 51.55 hours for the district court level work, which includes 7.55 hours spent after the Tenth Circuit remand, to be reasonable.

As to the 29.60 hours for the appellate level work, the court finds the amount unreasonable. Specifically, it appears that plaintiff's counsel spent more than 15 hours[11] researching and writing the initial appellate brief, which includes more than 7 hours preparing the statement of facts. Given the extensive knowledge of the given law which plaintiff's counsel, Steven M. Tilton, must possess since he has handled over 100 social security cases in this district from mid-1995 to the present, the court finds 8 hours a reasonable amount of time for him to have spent in the preparation of the initial appellate brief, including revision of the statements of facts, which the court finds should have been minor. That is, the court finds 22.60 hours for the appellate level work would be a reasonable amount in this case.

Lastly, plaintiff requests reimbursement of her counsel's costs in the amount of $317.80 ($105.00 for the filing fee, $184.65 for photocopying and binding pleadings filed in the Tenth Circuit, and $27.80 for mailing). Although defendant has not raised the issue,

---

[11] The court could not determine the exact number of hours since some of counsel's entries include multiple tasks, which is neither unusual nor unexpected.

postage costs are not authorized under the EAJA.[12]  Filing fees and photocopying expenses, however, are recoverable under the EAJA.[13]

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for attorney's fees and costs (**doc. 30**) is granted in part and denied in part.

2. Plaintiff's counsel is awarded attorney's fees under the EAJA in the amount of $9,268.75 (74.15 total hours at the hourly rate of $125.00).  Further, the court also approves the requested filing and photocopying costs totaling $289.65, as these are reimbursable under the EAJA.

3. Copies of this order shall be served on all counsel of record.

Dated this 9th day of May, 2005 at Kansas City, Kansas.

    s/   James P. O'Hara  
    James P. O'Hara  
    U.S. Magistrate Judge

---

[12] *Hussey v. Apfel*, Case No. 97-2407, 1999 WL 79657, at *4 (D. Kan. Jan. 26, 1999)(citing *Weakley v. Bowen*, 803 F .2d 575, 580 (10th Cir. 1986)).

[13] *Id.*